# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHNNY RUSSO,**

                 **Petitioner,**

   v.

                                                                   **Case No. 10-C-855**

**JUDY SMITH,**
**Warden of Oshkosh Correctional Institution,**

                 **Respondent.**

## DECISION AND ORDER

Pro se Petitioner Johnny Russo ("Russo"), who is currently confined in the Oshkosh Correctional Institution ("OCI"), filed a petition and affidavit for leave to proceed *in forma pauperis* on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court denied Russo's request to proceed *in forma pauperis*, finding that he not qualify under Section 1915(a) as an indigent unable to pay the filing fee for commencing the instant action for a writ of habeas corpus. Russo has paid the $5.00 filing fee.

The matter is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Title 28 of the United States Code § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Russo challenges his May 3, 2002, conviction by the Circuit Court for Brown County, Wisconsin, for repeated sexual assault of the same child. He is serving an aggregate sentence of 20 years, comprised of ten years and six months of imprisonment, and nine years and six months of extended supervision.

Russo lists three grounds for relief. Liberally construed, Russo contends that there was insufficient evidence to convict him; the trial judge permitted the prosecutor to present improper voir dire questions that tested the prosecution's theory of the case; and the trial court breached its duty to protect the fairness of the proceedings, during jury deliberations, by allowing the jury to listen to a tape recording of a conversation between the alleged victim and Russo. Based on the foregoing, Russo's petition arguably challenges the legality of his custody as being in violation of the Constitution of the United States.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to

2

review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Relying on the Wisconsin Court of Appeals' November 18, 2003, decision in *Wisconsin v. Russo*, No.03-0726-CR, and the Wisconsin Supreme Court's February 24, 2004, order denying Russo's petition for review, attached to Russo's petition, the Court concludes that Russo has at least arguably exhausted his claims.

Summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that Russo is not entitled to the relief sought by his petition for a writ of habeas corpus. Consequently, Respondent Judy Smith will be called upon to serve and file an answer to Russo's petition for a writ of habeas corpus. The answer must contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Smith **MUST** file an answer to the petition on or before **December 6, 2010.**

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated at Milwaukee, Wisconsin this 22nd day of October, 2010.

        **BY THE COURT**

        *s/ Rudolph T. Randa*
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**